IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| ALAN S., | |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** |
| vs. | |
| NANCY A. BERRYHILL, | Case No. 2:17-cv-00479-BCW |
| Defendant. | Magistrate Judge Brooke C. Wells |

This case is before the undersigned following the parties' consent under Federal Rule of Civil Procedure 73.[1] Plaintiff Alan S.,[2] alleged disability due to diabetes, chronic kidney disease, a left shoulder rotator cuff tear and bicep rupture, and depression.[3] Plaintiff applied for disability insurance benefits in 2015, alleging he became disabled on January 1, 2012.[4] An Administrative Law Judge (ALJ) rejected his claim for benefits in December 2016.[5] The Appeals Council denied review of the ALJ's decision.[6] This appeal followed. Oral argument was held in this matter on August 30, 2018. Having further considered the record and case law, this court affirms the decision of the Commissioner.

---

[1] ECF No. 18.

[2] Based on privacy concerns regarding personal information, the court does not use Plaintiff's last name. Privacy concerns are a part of many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.
[3] Tr. 26.
[4] Tr. 197, 208.
[5] Tr. 24-34.
[6] Tr. 1-3.

**BACKGROUND**

Plaintiff's past relevant work was as a car salesman.[7] During the hearing the ALJ asked a vocational expert (VE) to testify.[8] At the hearing, the ALJ asked the VE about a hypothetical individual with functional abilities identical to those the ALJ ultimately found Plaintiff experienced.[9] The ALJ then asked the VE to opine if such a claimant would be able to perform this claimant's past relevant work as a car salesman. The VE testified as follows:

> I'm going to have to say yes. The thing that this hinges on is the standing or walking for four hours and a car salesman is, you know, in his office talking to perspective purchasers quite a bit of the time and is also around, you know, waiting for other perspective buyers to show up. So I think that meets that classification.[10]

The VE also testified his testimony was "[o]ne hundred percent" consistent with the Dictionary of Occupational Titles (DOT).[11]

The ALJ followed the standard five-step evaluation process for disability claims,[12] and found Plaintiff had the residual functional capacity (RFC) to perform a range of light work, with limitations to standing and walking four hours in a workday, as well as "80 or 90 percent of the time, understand, remember, and carry out complex instructions, and make judgments on complex work related decisions."[13] The ALJ relied on the VE's testimony to conclude this RFC would allow Plaintiff to perform his past relevant work as a car salesperson as follows:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as generally performed. This prior position requires light work. The claimant is capable of working at the light exertional level as reflected in the residual functional capacity. In

---

[7] Tr. 42-43.
[8] Tr. 76.
[9] *Compare* Tr. 76-77 with Tr. 29.
[10] Tr. 78.
[11] *Id.*
[12] Tr. 26-34.
[13] Tr. 29.

accordance with SSR 00-4p, the vocational expert testified that the claimant's further limitations do not preclude him from working his past relevant work.[14]

Accordingly, at step four of the evaluation process the ALJ concluded Plaintiff was not disabled under the Social Security Act.[15]

## STANDARD OF REVIEW

Because the Appeals Council denied claimant's requested review, the ALJ's decision is considered the Commissioner's final's decision for purposes of this appeal.[16] The court reviews the ALJ's decision to determine whether the correct legal standards were applied and whether factual findings are supported by substantial evidence in the record.[17] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18] "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."[19] In considering claimant's appeal the court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."[20]

## ANALYSIS

Plaintiff raised only one issue on appeal, whether the ALJ erred by failing to properly evaluate whether Plaintiff can perform his past relevant work.[21] Plaintiff argues there was not substantial evidence or analysis to support the ALJ's finding that he has the RFC to perform his past work as a car salesman. Specifically, Plaintiff attacks the ALJ's finding that he can perform

---

[14] Tr. 34.
[15] *Id.*
[16] *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003); 20 C.F.R. § 404.981.
[17] *See Doyal*, 331 F.3d at 760; *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).
[18] *Doyal*, 331 F.3d at 760.
[19] *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988).
[20] *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).
[21] ECF No. 19 at 5.

"light work" while also finding that he can only "stand and walk for four hours" in an eight-hour work-day. Plaintiff cites two regulations in support of his position. SSR 82-62 states that

> [t]he decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

Here, the VE testified that the position of "car sales person" is described as "light work" in the DOT.[22] Plaintiff argues SSR 83-10, specifically defines "light work" as requiring "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."[23] Thus, Plaintiff claims there is a conflict or contradiction with the ALJ's RFC assessment and the DOT.[24] Plaintiff argues that pursuant to SSR 00-004:

> When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such inconsistency.[25]

To determine whether there is a conflict between a vocational expert's testimony and the DOT, SSR 00-4p places an affirmative duty on the ALJ to ask the VE at the hearing if his/her testimony is consistent with the DOT.[26] SSR 00-4 provides as follows:

> When a VE or VS provides evidence about requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:

---

[22] Tr. 76.
[23] 1983 WL 31251.
[24] ECF No. 19 at 7.
[25] SSR 00-4p, 2000 WL 1898704, at *2.
[26] *Id*. at *4.

Ask the VE or VS if the evidence he or she has provided conflicts with the information provided in the DOT; and if the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.[27]

Here, the ALJ followed the requirements of SSR 00-4. She asked the VE: "To what extent is your testimony consistent with the DOT?"[28] The VE testified: "One hundred percent."[29]

At step four of the evaluation process, Plaintiff bore the burden to prove he could not do his past work.[30] Here, the evidence before the ALJ was that Plaintiff could perform his past relevant work: (1) the VE testified that a hypothetical individual with functional limitations identical to Plaintiff's RFC could do Plaintiff's past work as a car salesperson.[31] And the VE said his testimony was consistent with the DOT.[32] At the hearing, the Plaintiff did not elicit any testimony or offer any evidence to suggest the VE's testimony was inconsistent with the DOT. In fact, in his brief to this court the Plaintiff did not cite any medical evidence to refute the VE's testimony. Plaintiff seems to rest his position on the language of SSR 83-10, which defines "light work" as requiring "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." But SSR 83-10 does not per se create a conflict or contradiction regarding the issue of four versus six hours. As explained in SSR 00-4p, "The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings."[33]

---

[27] *Id.*
[28] Tr. 78.
[29] *Id.*
[30] *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993).
[31] Tr. 76-78.
[32] *Id.* at 78.
[33] 2000 WL 1898704, *3.

Moreover, the Tenth Circuit addressed a similar situation in *Segovia v. Astrue*.[34] There the ALJ limited the claimant to occasional overhead reaching, while the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO) indicated that the job the ALJ found the claimant could perform required frequent reaching.[35] Like the Plaintiff here, the claimant argued the VE's testimony was inconsistent with the DOT, and the ALJ erred when he relied on it.[36] The Tenth Circuit disagreed:

> The SCO does not separately classify overhead reaching. Thus, under the SCO, even a job requiring frequent reaching does not necessarily require more than occasional overhead reaching. The VE was aware of Ms. Segovia's limitations on overhead reaching, and he testified both that she could perform the jobs he identified and that his opinion of he jobs open to her was consistent with the DOT's specifications. In these circumstances, the VE's testimony does not conflict with the DOT and SCO so much as it clarifies how their broad categorizations apply to this specific case.[37]

Here the DOT job description for car salesperson position does not state the position requires standing for up to six hours in a workday.[38] Thus, as in *Segovia*, the ALJ reasonably relied on the VE to clarify how the DOT's broad categorizations applied to the facts of the case.

Plaintiff also argues the ALJ did not adequately address inconsistencies regarding his mental limitations. Specifically, the ALJ limited him to carrying out complex instructions 80 to 90% of a workday, which Plaintiff asserts is inconsistent with the requirements of the car salesperson position.[39] But as acknowledged by the Plaintiff, the DOT does not mention, address

---

[34] 226 F. App'x. 801, 804 (10th Cir. 2007).
[35] *Id.*
[36] *Id.*
[37] *Id.* (internal citation omitted).
[38] 1991 WL 672465.
[39] ECF No. 19 at 8-9.

or reference any mental limitations.[40] When the DOT is silent on an issue, there is no apparent conflict for the ALJ to resolve.[41]

In sum, the court finds the ALJ complied with the requirements of SSR 00-4p and that there were no apparent conflicts to resolve. The VE testified that an individual who could stand for four hours could work as a car salesperson. Plaintiff conceded the DOT is silent on the issue of mental limitations. Under these circumstances, the ALJ had enough uncontradicted evidence to conclude the Plaintiff could perform his past relevant work.

## CONCLUSION AND ORDER

Because the correct legal standards were applied and the ALJ's factual findings are supported by substantial evidence in the record, the court AFFIRMS the decision of the Commissioner. The Clerk of the Court is directed to close this case.

DATED: this 28th day of September, 2018.

Brooke C. Wells
U.S. Magistrate Judge

---

[40] *Id*. at 7-8.
[41] *See Wahpekeche v. Colvin*, 640 F. App'x 781, 785-86 (10th Cir. 2016) (unpublished).